# WASHINGTON COUNTY.

### JOSHUA THOMPSON *vs.* PATRICK ROACH.

In debt on a judgment rendered in an action brought for necessaries furnished to the defendant, —

*Held*, that the action of debt was, equally with the original action, an action brought for necessaries.

*Held*, further, that in such action for debt the exemption from attachment of wages, contained in Pub. Stat. R. I. cap. 209, § 4, clause 12, could not be claimed.

EXCEPTIONS to the Court of Common Pleas.

*Providence, November* 27, 1886. PER CURIAM. Pub. Stat. R. I. cap. 209, § 4, clause 12, exempts from attachment "the salary or wages due or payable to any debtor not exceeding the sum of ten dollars, except when the cause of action is for necessaries furnished the defendant."

The plaintiff formerly recovered a judgment against the defendant in an action of *assumpsit* for necessaries furnished to him. This action is debt upon that judgment, and the writ was served in part by garnishment of $13.86, wages due the defendant. The court below charged the garnishee to the full amount disclosed. The defendant excepted, and now contends that the court erred in so charging, because the cause of action was the judgment and not necessaries furnished.

We think there was no error. Strictly speaking, the cause of action in the first suit was the promise of the defendant, express or implied, to pay the amount due for necessaries, and in the second suit the judgment against the defendant for the amount due for necessaries. We cannot see why the cause of action is

not as much for necessaries furnished in the second suit as in
the first. The meaning of the statute is that any person who
has furnished another with necessaries shall have the right to at-
tach the latter's wages to their full amount. We cannot see any
reason why we should not give effect to this meaning when the
action is on a judgment as well as when it is on the original
promise.

The evidence to show that the judgment was for necessaries is
admissible under Pub. Laws R. I. cap. 433, § 2, of May 2, 1884.[1]

*Exceptions overruled.*

*Thomas H. Peabody*, for plaintiff.
*Crafts & Tillinghast*, for defendant.

———

[1] Printed *ante*, p. 371, note.